UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANA S. COLEMAN, on behalf of RSCOLEMAN AND ASSOCIATES STAFFING, LLC, | Case No. 25-10812 <br><br> F. Kay Behm <br> United States District Judge |
| Plaintiff, | |
| v. | |
| UNITED STATESDEPARTMENT OF EDUCATION, | |
| Defendants. <br> _____ / | |

## ORDER TO SHOW CAUSE

Plaintiff "Rana S. Coleman, on behalf of RSColeman & Associates Staffing, LLC" ("RSColeman") filed this civil action in the Eastern District of Michigan on March 24, 2025, seeking an "injunction to prevent the enforcement of Executive Orders 14151 and 14173 and related guidance including the February 14th 2025 Dear Colleague letter" issued by the U.S. Department of Education.  ECF No. 1, PageID.5-6.  Plaintiff also filed an application to proceed *in forma pauperis*.  ECF No. 2.  Although brought by "Rana S. Coleman" on "behalf of" RSColeman LLC, it appears from the face of the complaint that the LLC is the true party in interest.  *See, e.g.*, ECF No. 1-1,

PageID.12 ("Plaintiff RSColeman, whose mission is to advocate for Black Americans and other marginalized groups through legal services, pro bono cases, and professional staffing opportunities, has been directly harmed by these executive orders."); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."); *Pelletier v. Rodriguez*, No. 17-cv-1809, 2018 WL 4562752, 2018 U.S. Dist. LEXIS 163473, at *4 (S.D. Cal. Sep. 21, 2018) (striking complaint because plaintiff could not file on behalf of his LLC).

Only individual persons, and not artificial entities, may proceed *in forma pauperis*. *Chris Sevier, Severe Records LLC v. McGuyer*, No. 3:11-0450, 2011 U.S. Dist. LEXIS 53681, at *1 (M.D. Tenn. May 19, 2011) (quoting *Rowland v. California Mens Colony, Unit II Mens' Advisory Council*, 506 U.S. 194, 201-04 (1993) ("[O]nly a natural person may qualify for treatment in forma pauperis under § 1915.").

Further, a corporation (including an LLC) may not litigate a case pro se; it must have a lawyer represent it or risk default or dismissal. *See Rowland*, 506 U.S. at 201-03 ("A corporation, partnership, or association may appear in federal courts only through licensed counsel and not through the pro se representation of an officer, agent, or shareholder.")); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th

Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *SEC v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) ("A corporate officer may not appear in federal court on behalf of the corporation; rather, the corporation must be represented by counsel.") (citing *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 603 (6th Cir. 2005)); *see also Dickson v. Direct Energy, LP*, No. 18-CV-00182, 2024 WL 4416856, at *16 (N.D. Ohio Oct. 4, 2024).

As such, the court **DENIES** the application to proceed *in forma pauperis* (ECF No. 2) and **ORDERS** that Plaintiff has 30 days to obtain representation. Failure to cure Plaintiff's lack of representation in that time will result in dismissal of the case.

**SO ORDERED**.

Date: March 24, 2025                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge