UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANA S. COLEMAN, on behalf of
RSCOLEMAN AND
ASSOCIATES STAFFING, LLC,

Case No. 25-10812

F. Kay Behm
United States District Judge

   Plaintiff,

v.

UNITED STATES
DEPARTMENT OF
EDUCATION,

   Defendants.
_____ /

**ORDER DENYING MOTION FOR STAY AND DISMISSING
COMPLAINT WITHOUT PREJUDICE**

On March 24, 2025, this court found that, although this case is

brought by "Rana S. Coleman" on "behalf of" RSColeman LLC, it

appeared from the face of the complaint that the LLC is the true party

in interest. *See, e.g.*, ECF No. 1-1, PageID.12; Fed. R. Civ. P. 17(a) ("An

action must be prosecuted in the name of the real party in interest.");

ECF No. 4. A corporation may not litigate a case pro se; it must have a

lawyer represent it or risk default or dismissal. *E.g.*, *SEC v.*

*Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) ("A corporate

officer may not appear in federal court on behalf of the corporation;

rather, the corporation must be represented by counsel.").  The court

therefore ordered that Plaintiff had 30 days to obtain representation or

the case would be dismissed.  ECF No. 4.  The court also denied

Plaintiff's application to proceed *in forma pauperis* because only

individuals, and not corporations, qualify to proceed without prepaying

fees and costs.  *Id.* at PageID.18.  Following a motion by plaintiff, on

April 7, 2025, the court granted an additional 60 days to find counsel

and to pay the filing fee.  ECF No. 7.  Thus Plaintiff had 90 days, up to

and including June 22, 2025 (or rather, June 23, the next business day),

to obtain counsel and pay the filing fee, and was warned that failure to

comply by that date would result in dismissal of the case without

prejudice.

Instead, on June 23, 2025, Plaintiff filed a motion to "stay

proceedings" while Plaintiff continues to try and find representation.

ECF No. 8.  The motion does not indicate that representation by

licensed counsel is imminent or that Plaintiff in fact requires only a

discrete, identifiable period of delay; instead Plaintiff requests an

additional extension of 30 days but indicates that Plaintiff has not

actually consulted with an attorney yet for inability to pay a consulting

fee.  The filing fee in this case remains unpaid, and no attorney has

registered an appearance in this case. Because this motion greatly resembles, in substance, Plaintiff's prior motion for more time, but does not indicate good cause to further extend the time, and does not give the court confidence that the matter will be resolved within 30 days if the court were to extend the time again, the court **DENIES** the motion for a second extension of time. Therefore, this case is **DISMISSED WITHOUT PREJUDICE** (in other words, Plaintiff may re-file this case at a later date if Plaintiff manages to retain an attorney)[1] for failure to comply with the court's orders and failure to pay the filing fee.

This is a final order that closes this case. A separate order of judgment will follow.

**SO ORDERED**.

Date: June 25, 2025                           s/F. Kay Behm
                                              F. Kay Behm
                                              United States District Judge

---

[1] Note, under Local Rule 83.11(c), if the case is refiled, it must be "assigned to the same judge who received the initial case assignment" and "counsel or a party without counsel must bring such cases to the court's attention."